```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

James Buchanan,              )
                             )
          Plaintiff,         ) Case No. 1:03-CV-751
                             )
     vs.                     )
                             )
Sergeant Walter Reeves,      )
et al.,                      )
                             )
                             )
          Defendants.        )

O R D E R

This matter is before the Court on Defendants' motion for summary judgment (Doc. No. 18), Magistrate Judge Hogan's Report and Recommendation of April 8, 2005 (Doc. No. 27), which recommends that Defendants' motion for summary judgment be granted, and Plaintiff James Buchanan's objections to Magistrate Judge Hogan's Report and Recommendation (Doc. No. 29). For the reasons set forth below, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Defendants' motion for summary judgment is well-taken and is **GRANTED**.

According to Plaintiff, he was in the wrong place at the wrong time in the early morning hours of June 20, 2003 when Middletown police officers executed a search warrant on Mary Murphy's apartment. Plaintiff alleges that he and a friend, Kevin Cunningham, were waiting for Murphy to arrive home so they could go out to dinner. Unbeknownst to Plaintiff, earlier that evening the police had arrested Murphy on drug trafficking

charges.  Plaintiff was apparently the only person surprised when the police found 6.8 grams of baking soda wrapped in individual baggies and other drug paraphernalia.  The police arrested Plaintiff and charged him with possession of a counterfeit controlled substance.  In conjunction with Plaintiff's arrest, the police officers also seized lyrics to a rap song written by Plaintiff.

On October 30, 2003, Plaintiff, proceeding pro se, filed suit against Middletown Police Sergeant Reeves, Detective Jim Cunningham, and police officers Taylor and Meehan.  Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his constitutional rights by: 1) arresting him without probable cause; 2) maliciously prosecuting him; 3) arresting him because of his race; and 4) confiscating his song lyrics.  Plaintiff sued each of the Defendants in his individual and official capacities.  The complaint apparently also contains state law claims for malicious prosecution, false arrest, and false imprisonment.

On April 8, 2005, Magistrate Judge Hogan issued a Report and Recommendation (Doc. No. 27) in which he recommended that the Court grant Defendants' motion for summary judgment (Doc. No. 18).  In his Report and Recommendation, Judge Hogan found that the record showed that Defendants had probable cause to arrest Plaintiff based on reliable information from a confidential informant that Plaintiff and Mary Murphy were selling drugs from Murphy's apartment.  Judge Hogan also found that Plaintiff's proximity to the counterfeit controlled

substance, coupled with reliable information which had been provided to the officers which indicated that Plaintiff actually lived in the apartment too, was sufficient to establish probable cause that Plaintiff was in constructive possession of the counterfeit controlled substance.  Judge Hogan then found that Plaintiff's federal and state malicious prosecution claims should be dismissed because the Defendants had probable cause to arrest Plaintiff.  Judge Hogan next found that Plaintiff's equal protection claim, based on the contention that Defendants arrested Plaintiff because of his race, should be dismissed because Plaintiff failed to adduce evidence which showed that the Defendants were motivated by race.  Finally, Judge Hogan found that Plaintiff's due process claim should be dismissed because he failed to demonstrate that available state law remedies are inadequate to redress the deprivation.  Thus, Judge Hogan recommended that Defendants' motion for summary judgment be granted.  To the extent that the complaint alleges state law claims for false arrest and false imprisonment, Judge Hogan recommended that the Court decline to exercise supplemental jurisdiction over them.

      Plaintiff then filed objections to Magistrate Judge Hogan's Report and Recommendation (Doc. No. 29).  The basis for Plaintiff's objections is not entirely clear, but he appears to argue that his probable cause and malicious prosecution claims should not be dismissed because he was actually innocent of the counterfeit controlled substance charge.  Plaintiff also contends

3

that Defendants seized his song lyrics based on his race because of their alleged "discomfort with plaintiff's 'drug dealing topics.'" Doc. No. 29, at 6. Plaintiff also claims that Defendants seized his song lyrics based on their alleged belief that "a sixty year old woman going to church does not want to hear that stuff." Id.

The Court reviews de novo a magistrate judge's report and recommendation on a dispositive matter, such as a motion for summary judgment. Fed. R. Civ. P. 72(b). Upon de novo review of the pleadings and the record, the Court is in complete agreement with Magistrate Judge Hogan's detailed analysis and reasons that Defendants' motion for summary judgment should be granted. The Court, therefore, will not repeat that analysis and instead adopts Judge Hogan's reasoning and analysis as its own. The Court, however, will briefly reiterate three points in response to Plaintiff's objections to the Report and Recommendation and his memorandum in opposition to Defendants' motion for summary judgment.

First, although Plaintiff appears to contend that he is actually innocent of the charge for which he was arrested, the probable cause assessment does not hinge on whether the suspect actually committed a crime but rather "whether at the moment of arrest the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing a crime." Wolfe v.

4

Perry, __F.3d___, No. 02-1086, 2005 WL 1503805, at *9 (6th Cir. June 27, 2005) (internal brackets omitted).  Thus, Plaintiff's evidence in support of his contention that he is actually innocent of the drug trafficking charge does not prevent dismissal of his probable cause and malicious prosecution claims because the record shows that the officers had sufficient probable cause to believe that he had committed or was committing a crime.

  Second, although Plaintiff claims that Defendants were motivated by race to seize his song lyrics, he has not adduced any evidence beyond his bare allegations in support of this claim.  Moreover, because the claim is for deprivation of property without due process of law, it is not clear why Defendants' motivation for causing such alleged deprivation has any relevance.  See Vicory v. Walton, 721 F.2d 1062, 1065 (6th Cir. 1983)("As we read Parratt, the principle being applied does not turn on the question of whether the claimed constitutional tort affecting property is caused by intentional conduct or negligent conduct or is based on strict liability.").  Finally, the Court notes that song lyrics indicating familiarity with drugs or the drug culture, as Plaintiff's song lyrics apparently were, can be admitted at trial under the rules of evidence to show knowledge, intent, or absence of mistake.  United States v. Foster, 939 F.2d 445, 456 (7th Cir. 1991).  Thus, it appears that the Defendants had a legitimate reason, other than Plaintiff's race, for seizing his song lyrics.  In any event, as Judge Hogan

found, Plaintiff failed to demonstrate that state law remedies are insufficient to redress the alleged deprivation of his song lyrics.

Third and finally, Magistrate Judge Hogan correctly determined that Plaintiff's contention that he could not properly respond to Defendants' motion for summary judgment was not in compliance with Rule 56(f) of the Federal Rules of Civil Procedure. As Magistrate Judge Hogan properly concluded, Plaintiff failed to demonstrate with any specificity how additional discovery would have allowed him to respond more appropriately to the motion for summary judgment. <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 488 (6th Cir. 2000). Moreover, Plaintiff's pleading was insufficient to constitute an affidavit because it was not sworn to in front of an officer authorized to take oaths and/or because it was not submitted under penalty of perjury. Therefore, Plaintiff failed to establish any just cause for the Court to delay in ruling on the motion for summary judgment.

<u>Conclusion</u>

In conclusion, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation of April 8, 2005 are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Hogan's Report and Recommendation. Defendant's motion for summary judgment on Plaintiff's federal claims and his state law malicious prosecution claim is well-taken and is **GRANTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**. To the extent the

complaint contains other state law claims, the Court declines to exercise supplemental jurisdiction over them. <u>Hankins v. The Gap, Inc.</u>, 84 F.3d 797, 802-03 (6th Cir. 1996). Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE. THIS CASE IS CLOSED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) an appeal of this order would not be taken in good faith. <u>See</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

       **IT IS SO ORDERED**

Date July 12, 2005             s/Sandra S. Beckwith
                                        Sandra S. Beckwith, Chief Judge
                                           United States District Court